United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUTOMOTIVE INDUSTRIES
PENSION TRUST FUND, et al.,

Plaintiffs,

v.

SYED ALI, et al.,

Defendants.

Case No.: C-11-5216 JCS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## I.    INTRODUCTION

Plaintiffs Automotive Industries Pension Trust Fund (the "Trust") and its Trustees (collectively, "Plaintiffs") bring this ERISA action against Defendants Syed Ali aka Bobby Syed Ali ("Ali") and Bay Bridge Dodge Chrysler Jeep, Inc. ("Bay Bridge") (collectively, "Defendants"), seeking recovery of withdrawal liability pursuant to 29 U.S.C. § 1381. Presently before the Court is Defendants' Motion to Dismiss the Second Amended Complaint ("Motion") based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court finds that the Motion is suitable for disposition without oral argument pursuant to Civil Local Rule 7–1(b). Accordingly, the hearing on the Motion set for Tuesday, October 16, 2012 at 1:30 p.m. is VACATED. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## II.   BACKGROUND

### A.   The Second Amended Complaint

In its July 16, 2012 Order Granting in part and Denying in part Defendants' Motion to Dismiss the First Amended Complaint ("Order") the Court previously set forth the relevant factual allegations in this case.[1]  *See* Order, Dkt. No. 41, 2-5; *Auto. Indus. Pension Trust Fund v. Ali*, 2012 WL 2911432, at *1-3 (N.D. Cal. July 16, 2012).  Accordingly, the Court sets forth here only those facts relevant to the present Motion.

The new facts alleged in the Second Amended Complaint ("SAC") include the following:

> 17.    Defendant Ali executed the Asset Purchase Agreement effective May 23, 2007, executed the First Amendment to the Asset Purchase Agreement effective May 23, 2007 and executed the Second Amendment to the Asset Purchase Agreement effective June 13, 2007, individually for himself or nominee.

> 18.    Plaintiffs are informed and believe and thereon allege that Defendant Ali formed the limited liability company Bay Bridge Dodge Chrysler Jeep LLC on or about June 5, 2007, after execution of the Asset Purchase Agreement.

> 19.    Plaintiffs are informed and believe and thereon allege that Defendant Ali as purchaser under the Purchaser Agreement thereafter assigned to Bay Bridge Dodge Chrysler Jeep certain rights and obligations under the Purchase Agreement.

SAC, ¶¶ 17-19.

The two causes of action in the FAC remain in the SAC, but the first claim—ERISA withdrawal liability under 29 U.S.C. § 1381(a) based on a theory of successor liability—is asserted against only Bay Bridge.  *Id.* at ¶¶ 34-40.  Plaintiffs assert that non-party Connell incurred the withdrawal liability, totaling $695,539.00, which is now the responsibility of Bay Bridge as successor.  *Id.*  Regarding the second cause of action—breach of contract based on a third party beneficiary theory—Plaintiffs maintain that Ali, despite assigning "certain rights and obligations under the Purchase Agreement to [Bay Bridge]," is personally liable for the failure to pay the withdrawal liability.  *Id.* at ¶¶ 43-45, 50.  Plaintiffs assert that Connell and Defendants agreed in the

---

[1]  The Court's Order also dismissed Plaintiffs' claims against Defendant Ali since Plaintiff had not alleged facts that would make him personally liable for the debts of his company.  Order at 13-14.  Plaintiffs were given leave to amend to allege such facts.  *Id.*

United States District Court\nNorthern District of California

Purchase Agreement that Defendants would bear sole responsibility for Connell's withdrawal

liability.  *Id.* at ¶ 43.  Plaintiffs further allege that

> 49. Defendant Ali entered into the Purchase Agreement as an individual and/or promoter of Defendant Bay Bridge Chrysler Jeep.
>
> . . .
>
> 51. Plaintiffs are informed and believe and thereon allege that Connell did not consent to the transfer of the obligation to bear sole responsibility for the withdrawal liability from Defendant Ali to Defendant Bay Bridge Dodge Chrysler Jeep.
>
> 52. Plaintiffs as third party beneficiary never consented to the transfer of the obligation to bear sole responsibility for the withdrawal liability from Defendant Ali to Defendant Bay Bridge Dodge Chrysler Jeep, Inc.
>
> 53. Defendant Ali, as assignor, and Defendant Bay Bridge Dodge Chrysler Jeep, as assignee, are both obligated to bear sole responsibility for the withdrawal liability assessed against Connell by the Trust.
>
> 54. Plaintiffs, therefore, seek a money judgment against Defendant Syed Ali aka Bobby Syed Ali and Defendant Bay Bridge Dodge Chrysler Jeep, Inc., jointly and severally, for an award of the entire balance of the unpaid withdrawal liability, plus interest, liquidated damages and costs, including attorneys' fees.

*Id.* at ¶¶ 49, 51-54.

### B.     The Motion

Defendants' Motion seeks dismissal of Plaintiffs' breach of contract claim.  Defendants first

address Plaintiffs' renewed attempt to hold Ali personally liable for the breach of contract, arguing

that Ali properly assigned any obligation he may have had under the Purchase Agreement to Bay

Bridge.  Motion, 8.  Defendants reject Plaintiffs' allegation that Connell did not consent to the

transfer of Ali's obligation to pay the withdrawal liability to Bay Bridge; rather, Defendants contend

that Connell's consent is contained in the Purchase Agreement.  *Id.* at 8-9.  Defendants point out that

when Ali is named personally in the Purchase Agreement and its accompanying amendments, he is

addressed as "Ali or nominee ('Purchaser')."  *Id.*  Defendants conclude that "[b]y utilizing the words

'or nominee ("Purchaser")' in agreements attached in Exhibits 1 and 2 of the SAC, plaintiffs have

recognized that 'or' was used in the operative agreements alleged in the SAC as a function word to

indicate an alternative to Ali as the Purchaser."  *Id.* at 9.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendants' Motion also proposes two new arguments for dismissing the breach of contract

2  claim against both Bay Bridge and Ali.  First, Defendants argue that because Plaintiffs received

3  some money in settlement from Connell for the assessed withdrawal liability, their liability is

4  completely extinguished under California law.  *Id.* at 9-10 (citing Cal. Civ. Code § 1474).  Second,

5  Defendants contend that Plaintiffs' contract claim is preempted by ERISA.  *Id.* at 11-13 (citing, *inter*

6  *alia*, 29 U.S.C. § 1144(a); *Carpenters Health & Welfare Tr. Fund for Cal. v. Tri Capital Corp.*, 25

7  F.3d 849, 853-54 (9th Cir. 1994)).

8    In response, Plaintiffs insist that neither Connell nor Plaintiffs consented to the assignment

9  from Ali to Bay Bridge as required to release Ali from liability under California contract law.

10 Plaintiffs' Opposition to Defendants' Motion ("Opposition"), 6-7 (citing, *inter alia*, Cal. Civ. Code §

11 1457 ("[T]he burden of an obligation may be transferred with the consent of the party entitled to its

12 benefit, but not otherwise, except as provided in Section 1466."); *La Rue v. G. Groezinger*, 84 Cal.

13 281, 289 (1980)).  Plaintiffs assert that, "since Ali's promise to pay the withdrawal liability is to the

14 benefit of plaintiffs, any transfer of this obligation to Bay Bridge required plaintiffs['] consent."

15 Opposition at 7.  Plaintiffs assert that "consent" under § 1457 has been interpreted to mean that the

16 assignor must obtain a novation in order to be released from his obligation.  *Id.* at 6 (citing *Baer v.*

17 *Associated Life Ins. Co.*, 202 Cal. App. 3d 117, 123 (1988)).  Plaintiffs argue that "[w]ithout an

18 express intent by Connell to release Ali from his obligations under the Purchase Agreement, there is

19 no novation and Ali remains liable notwithstanding the assignment to Bay Bridge." *Id.* at 8.  Nor

20 was Plaintiffs' consent to release Ali ever obtained.  *Id.*

21    Plaintiffs further contend that Ali, as promoter for Bay Bridge, remains personally liable

22 under the Purchase Agreement since the contract was executed prior to the formation of the

23 company.  *Id.* at 8-9.  "Promoters of a corporation are personally liable on contracts which they

24 entered into personally, even though they contracted for the benefit of the projected corporation and

25 although the corporation has been formed and received the benefit of the contract, unless there is

26 novation or other agreement to such effect."  *Id.* at 9 (citing *MacDonald v. Arrowhead Hot Springs*

27 *Co.*, 114 Cal. App. 496, 501 (1931); *Brisacher v. Baier*, 67 Cal. App. 96, 101 (1924)).  Plaintiffs

28

4

assert that there is nothing in the Purchase Agreement that shows an intention to relieve Ali from his contractual obligations. *Id.*

Plaintiffs rejects Defendants' argument that the language in the Purchase Agreement referencing Ali "or nominee" means Connell consented to the assignment. *Id.* at 11. Rather, Plaintiffs assert that "nominee" connotes only a delegation of authority, not a transfer or assignment to the nominee from the person nominating him. *Id.* (citing *Cisco v. Van Lew*, 60 Cal. App. 2d 575, 585 (1943)).

Plaintiffs also dispute that their partial settlement with Connell extinguishes their claim against Defendants. *Id.* at 11-12. Plaintiffs argue that Cal. Civ. Code § 1474 has been interpreted to mean that only full performance of an obligation extinguishes liability among jointly liable debtors. *Id.* at 12 (citing *Harris v. King*, 113 Cal. App. 357, 362-64 (1931)). Since Plaintiffs allege that Connell did not pay the full obligation, Section 1474 does not apply. *Id.*

Finally, Plaintiffs contend that ERISA does not preempt their breach of contract claim. *Id.* at 12-14. Plaintiffs insist that because their third party beneficiary claim is simply an attempt to enforce a contract against a non-ERISA regulated party, their claim is not preempted. *Id.* at 13-14 (citing, *inter alia, S. Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920 (9th Cir. 2001); *Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co.*, 215 F.3d 136, 141-142 (1st Cir. 2000)).

In their reply, Defendants point to, *inter alia*, Section 23.4 of the Purchase Agreement, which states:

> Benefit of the Parties:  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, heirs, legal representatives and assigns. Purchaser shall have the right to assign its rights *and obligations* under this Agreement to an entity controlled by, controlling or under common control with Purchaser.

(emphasis added). Defendants argue that this section constitutes Connell's advanced consent to the assignment of both Ali's rights and obligations under the contract. Defendants' Reply in Support of the Motion ("Reply"), 3. Defendants thus conclude that Cal. Civ. Code § 1457 does not apply. Reply at 3. Defendants appear to further argue that because Plaintiffs are not "entitled to the benefit of assignment," Plaintiffs' consent is not needed for the assignment of obligations to occur. *Id.*

United States District Court
Northern District of California

1   Defendants also appear to assert that because Connell did not need the Trustees' consent in order to

2   execute and fulfill the contract, then Defendants also did not need Plaintiffs' consent to effectuate

3   the assignment.  *Id.* at 5 (citing Purchase Agreement, § 5.3).

4   **III.     ANALYSIS**

5        **A.     Legal Standard**

6        A complaint may be dismissed for failure to state a claim for which relief can be granted

7   under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(6).  "The purpose

8   of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star*

9   *Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a plaintiff's burden at the

10  pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that "[a]

11  pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the

12  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

13       In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes

14  "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-

15  moving party."  *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal may

16  be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid

17  theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must

18  "contain either direct or inferential allegations respecting all the material elements necessary to

19  sustain recovery under some viable legal theory."  *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562

20  (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  "A

21  pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

22  action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

23  555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

24  enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

25       The factual allegations must be definite enough to "raise a right to relief above the

26  speculative level."  *Twombly*, 550 U.S. at 555.  However, a complaint does not need detailed factual

27  allegations to survive dismissal.  *Id.*  Rather, a complaint need only include enough facts to state a

28  claim that is "plausible on its face."  *Id*. at 570.  That is, the pleadings must contain factual

United States District Court
Northern District of California

1   allegations "plausibly suggesting (not merely consistent with)" a right to relief.  *Id*. at 557 (noting

2   that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings

3   demonstrate that "the pleader is entitled to relief").

4   **B.    Whether Plaintiffs Have Adequately Pled Ali's Personal Liability**

5           Plaintiffs base their theory of Ali's personal liability on the proposition that Ali's assignment

6   of his rights and obligations under the Purchase Agreement to Bay Bridge did not relieve him of his

7   liability to Plaintiffs.  The Court disagrees.  Plaintiffs' argument that Ali did not receive Connell's

8   consent to the assignment as required by Cal. Civ. Code § 1457 is rejected.  That section provides:

9   "The burden of an obligation may be transferred with the consent of the party entitled to its benefit,

10  but not otherwise, except as provided by Section 1466."[2]  Cal. Civ. Code § 1457; *see AICCO, Inc. v.*

11  *Ins. Co. of N. Am.*, 90 Cal. App. 4th 579, 588 (2001) ("[Section 1457] does not mean that a third

12  person cannot assume the obligations of a contract between other parties, but only that he cannot

13  relieve a party thereto from his obligations without the consent of the creditor."  (internal quotation

14  marks omitted)).  The Purchase Agreement explicitly provides Connell's consent to assign Ali's

15  obligations.  Connell and Ali agreed that:

16          [t]his Agreement shall be binding upon and inure to the benefit of the parties hereto and their
            respective successors, heirs, legal representatives and assigns.  Purchaser shall have the right
17          to assign its rights *and obligations* under this Agreement to an entity controlled by,
            controlling or under common control with Purchaser.
18

19  Purchase Agreement, § 23.4 (emphasis added).  To the extent Plaintiffs argue that Connell's consent

20  must be specific to assigning the responsibility for the withdrawal liability, Plaintiffs have provided

21  no authority to support such a heightened consent requirement.  Because Connell explicitly granted

22  its consent to Ali to assign his obligations under the Purchase Agreement, the Court finds that

23  Section 1457 was satisfied.[3]

24          [2]  Section 1466 concerns covenants running with the land and is thus inapposite to this case.
25  *See* Cal. Civ. Code § 1466.

26          [3]  Additionally, to the extent Plaintiffs contend that "consent" under Section 1457 requires a
    novation between Connell and Ali, the Court rejects that contention.  Opposition at 6 (citing *Baer v.*
27  *Associated Life Ins. Co.*, 202 Cal. App. 3d 117, 123 (1988) ("[Section 1457] has been interpreted to
    mean that the assignor of the contract cannot be released from his/her burden of obligation to the
28  other contracting party absent a novation.").  The California Court of Appeals in *Baer* cited *Cutting*
    *Pack. Co. v. Packers' Exch.*, 86 Cal. 574, 576 (1890) in support of its conclusion that consent means

United States District Court
Northern District of California

1    The Court also disagrees with Plaintiffs that their consent, as third party beneficiaries, was

2    necessary in order to release Ali from liability.  While this argument has some surface appeal—since

3    Plaintiffs, while not a party to the contract, are the party, along with Connell, entitled to the benefit

4    of the obligation to pay withdrawal liability—the Court is aware of no authority supporting

5    Plaintiffs' contention that Section 1457 requires the consent of third party beneficiaries.

6    Furthermore, requiring a third party beneficiary's consent to assignment of an obligation

7    when at the time of assignment, the beneficiary is unaware of the obligation to which they claim

8    third party beneficiary status, would run counter to the limitations imposed on such beneficiaries.

9    Specifically, "[a] contract, made expressly for the benefit of a third person, may be enforced by him

10   at any time *before the parties thereto rescind it*."  Cal. Civ. Code § 1559 (emphasis added); *see*

11   *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1025 (2009) ("[T]he

12   contracting parties may not rescind or revoke the contract where the 'beneficiary has accepted the

13   benefit or has detrimentally acted in reliance thereon' or where the 'promisor continues to retain the

14   consideration from the original promisee[.]'" (quoting *Griffin v. Williamson*, 137 Cal. App. 2d 308,

15   317 (1955)).  Plaintiffs allege that they did not even become aware of the Purchase Agreement until

16   January 2011.  *See* SAC at ¶ 30.  Therefore, at least prior to January 2011, the Purchase Agreement

17   could have been rescinded without Plaintiffs' consent, thereby extinguishing Plaintiffs' third party

18
19   novation; however, *Cutting* only pointed out that the creditor there "refused to consent to a
     novation," which would have released the assignor.  *See Cutting Pack. Co.*, 86 Cal. at 576.  While a
20   novation would satisfy the consent requirement under Section 1457, it does not follow that *only* a
     novation can satisfy the consent requirement.  Additionally, the Court finds no other authority which
21   follows *Baer* in restricting consent to a novation.

22   Moreover, even if a novation is required for consent, the Court would conclude that Section
     23.4 constitutes a novation.  A novation "is the substitution of a new obligation for an existing one,"
23   and can occur, *inter alia*, "[b]y the substitution of a new debtor in place of the old one, with intent to
     release the latter."  Cal. Civ. Code §§ 1530, 1531.  It must "'clearly appear' that the parties intended
24   to extinguish rather than merely modify the original agreement."  *Howard v. County of Amador*, 220
     Cal. App. 3d 962, 977 (1990).  "A creditor may, *in advance in the underlying contract*, assent to the
25   substitution of a new debtor and discharge from liability the old debtor, thus causing a novation."
     *Wells Fargo Bank v. Bank of Am.*, 32 Cal. App. 4th 424, 432 (1995) (emphasis added).  Because the
26   Court finds that Section 23.4 constitutes assent to the substitution of a new debtor, thereby
27   discharging Ali from liability upon assignment, the Court rejects Plaintiffs' argument that no
     novation occurred.
28

8

1   beneficiary claim.  It would be incongruous to find that Connell and Ali's ability to assign Ali's

2   obligations to Bay Bridge in 2007 was contingent on obtaining Plaintiffs' consent even though

3   Connell and Ali could have rescinded the Purchase Agreement without the slightest involvement of

4   Plaintiffs.

5          Plaintiffs' argument that Ali is personally liable under a theory of promoter liability is also

6   rejected.  "Promoters undertake to form a corporation, to procure for it the rights, instrumentalities,

7   and capital to effectuate the purposes specified in its charter, and to establish it as fully able to do

8   business."  9 Witkin, Summary of Cal. Law, Corporations § 52 (10th ed. 2005).  Further,

> promoters of a corporation are personally liable on contracts which they have entered into
> personally, even though they have contracted for the benefit of the projected corporation, and
> although the corporation has been formed and has received the benefit of the contract; and
> they are not discharged from liability by the subsequent adoption of the contract by the
> corporation when formed, *unless there is a novation or other agreement to such effect*.

13  *MacDonald v. Arrowhead Hot Springs Co.*, 114 Cal. App. 496, 501 (1931) (emphasis added).

14         Even if Ali was a promoter for Bay Bridge, Section 23.4 of the Purchase Agreement, as

15  discussed above, constitutes an agreement to allow Ali to assign his obligations to an entity such as

16  Bay Bridge.  Plaintiffs' conclusory assertion that nothing in the Purchase Agreement shows an

17  intention to relieve Ali of any obligation under the contract ignores Section 23.4.  To the extent

18  Plaintiffs argue that a promoter can't "escape liability by assigning its rights and obligations to

19  another," Plaintiffs' argument overlooks the ability of Connell and Ali to agree to allow Ali to assign

20  his obligations and extinguish his personal liability as a promoter.  Plaintiffs' argument would have

21  force if Ali assigned his obligations without Connell's consent, but that is not what happened here.

22         Accordingly, Plaintiffs have failed to adequately allege Ali's personal liability and the claims

23  against him are dismissed.[4]

---

24         [4]  In reaching this decision, the Court does not rely on Defendants' argument that the use of
25  "nominee" in the Purchase Agreement establishes that the parties intended to allow Ali to assign his
    obligations.  "The word 'nominee' in its commonly accepted meaning, connotes the delegation of
26  authority to the nominee in a representative or nominal capacity only, and does not connote the
    transfer or assignment to the nominee of any property in or ownership of the rights of the person
27  nominating him."  *Cisco v. Van Lew*, 60 Cal. App. 2d 575, 583-84 (1943).  Because the use of
    "nominee" is irrelevant to the issue of assignment or liability in this context, Defendants' reliance on
28  its use in the Purchase Agreement is rejected.

**C.      Remaining Issues Beyond the Scope of Ali's Personal Liability**

Although the only difference between Plaintiffs' FAC and SAC is the inclusion of allegations going to Ali's personal liability, Defendants' Motion contains two new arguments for dismissal of Plaintiffs' SAC that are beyond the issue of Ali's personal liability.  First, Defendants' argument that Plaintiffs' partial settlement with Connell extinguishes their causes of action against Defendants is rejected.  Cal. Civ. Code § 1474 provides that "[p]erformance of an obligation, by one of several persons who are jointly liable under it, extinguishes the liability of all."  Section 1474, however, is not satisfied where the debtor's obligation "has not been fully performed."  *Giordano v. Am. Fid. & Cas. Co.*, 97 Cal. App. 2d 309, 313 (1950) (stating that "a payment made by one of several judgment debtors usually entitles the others to a credit *to that extent* on their obligation" (emphasis added)); *see BII Fin. Co. v. U-States Forwarding Servs. Corp.*, 95 Cal. App. 4th 111, 127 (2002) ("[Section 1474] is not applicable because there is no showing that Jacobs & Turner performed the entire obligation, which performance is required by that provision to eliminate the whole liability.").  Because Plaintiffs allege they reached only a partial settlement of the withdrawal liability with Connell, Bay Bridge is not released from its obligation pursuant to Section 1474.

Regarding Defendants' second argument—that ERISA preempts Plaintiffs' California third party beneficiary contract claim—the Court declines to rule on that issue at this time.  The parties appear to agree that this particular ERISA preemption question is an issue of first impression.  There is no valid reason justifying Defendants' failure to present this argument in its previous motion to dismiss, which was not limited, like the present Motion, to issues of Ali's personal liability.  Because the Court finds that the issue can be decided, if necessary, on a subsequent motion for summary judgment, the Court declines to address the issue here.

1    **IV.    CONCLUSION**

2         For the reasons stated, Defendants' Motion to Dismiss is GRANTED in part and DENIED in

3    part.  Ali is dismissed with prejudice.  Defendant Bay Bridge shall file an answer to the SAC within

4    10 days of the date of this order.

5         IT IS SO ORDERED.

6

7    Dated: October 10, 2012

8    _____

9                                            JOSEPH C. SPERO
                                             United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11